UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ALFREDO VALDOVINOS-DIAZ,<br><br>　　　　　　　Defendant. | CASE NO. 3:20-cr-05447-DGE<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION (DKT. NO. 154) |

Defendant Alfredo Valdovinos-Diaz moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 817 and 821 to the United States Sentencing Guidelines. (Dkt. No. 154.)

Amendments 817 and 821 became effective November 1, 2023, two days before Defendant's sentencing hearing. Amendment 817 amended the criteria for safety valve eligibility in § 5C1.2 of the Sentencing Guidelines to conform to the First Step Act's statutory amendments to 18 U.S.C. § 3553(f). Notwithstanding, a defendant is not safety valve eligible if

they have a prior three-point offense under the Sentencing Guidelines. 18 U.S.C. § 3553(f)(1)(B).

Amendment 821 modified the criteria for offense level enhancements for criminal conduct committed while under a criminal justice sentence. A one-point increase to a defendant's offense level is imposed only if a defendant has a criminal history score of seven or greater, and the instant offense was committed while under any criminal justice sentence. U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023).

On November 3, 2023, Defendant was sentenced to 132 months in custody followed by five years of supervised release. (Dkt. No. 118.) Applying the Sentencing Guidelines effective on November 3, 2023, the Court calculated Defendant's total offense level as 37.[1] Defendant had a three-point criminal history offense from a 2015 criminal conviction for Conspiracy to Distribute Methamphetamine (Dkt. No. 108 at 6–7), making him ineligible for safety valve consideration. Defendant's criminal history score was *not* increased for committing the instant offense while under a term of imprisonment pursuant to § 4A1.1(e) of the Sentencing Guidelines. As a result, Defendant's criminal history category was II.

Based on the offense level and the criminal history category, Defendant's custody guideline range was 235 to 293 months of custody. Defendant was sentenced well below the guideline range.

18 U.S.C. § 3582(c)(2) allows for a sentence reduction where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] The base offense level was 38 pursuant to the parties' agreement regarding the quantity of controlled substances involved in the criminal conduct. (Dkt. No. 96 at 7.) This figure was increased by two based on a role enhancement under § 3B1.1 of the Sentencing Guidelines. It was then reduced by three for acceptance of responsibility under § 3E1.1.

ORDER DENYING MOTION FOR SENTENCE REDUCTION (DKT. NO. 154) - 2

lowered by the Sentencing Commission" but only "if such a reduction is consistent with applicably policy statements issued by the Sentencing Commission."

In sentencing Defendant, the Court applied the Sentencing Guidelines in effect on November 3, 2023, which included Amendments 817 and 821. Because Defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 817 and 821 to the United States Sentencing Guidelines (Dkt. No. 154) is DENIED.

Dated this 13th day of August, 2024.

David G. Estudillo
United States District Judge